### Ex parte HIMI YASUDA.

District Court, N. D. California, S. D.  June 22, 1927.

No. 19308.

1. **Aliens ⊂⊃53—Japanese woman held entitled to enter as temporary visitor (Immigration Act 1924, § 3 [2], being 8 USCA § 203).**

An able-bodied Japanese woman, 20 years old, having $125, and whose husband, though having entered illegally more than five years before, is also able-bodied and employed, and has accumulated $700 to $1,000, *held* entitled to entry as a temporary visitor, under Immigration Act 1924, § 3 (2), being 8 USCA § 203.

2. **Aliens ⊂⊃53—Authorities without right to exclude alien seeking entry as temporary visitor on assumption, unwarranted by evidence, that alien intends to remain permanently.**

It is an abuse of discretion for immigration authorities to exclude an alien applying for admission as temporary visitor on assumption, unwarranted by evidence, that alien intends to remain permanently.

Habeas Corpus. On petition of Himi Yasuda for writ of habeas corpus. Writ granted.

Stephen M. White, of San Francisco, Cal., for petitioner.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. Himi Yasuda, aged 20, an able-bodied woman, arrived at San Francisco from Japan on March 4, 1927, applying for admission to the United States as a temporary visitor under section 3, subd. 2, of the Immigration Act of 1924 (8 USCA § 203). She presented a passport with the requisite consular visa. Her application was denied, and, on dismissal of her appeal to the Secretary of Labor, has petitioned for a writ of habeas corpus. A demurrer has been interposed to this petition.

[1] The Board of Review disposed of the case as follows:

"Excluded as an alien ineligible to citizenship and as LPC.

"Alien's husband appeared as a witness and admitted that he arrived in this country from Japan in April, 1920, and was admitted in transit to Mexico. Shortly thereafter he admits entering the country illegally. He was taken into custody by the Immigration Service on a charge of illegal entry, but was released when it was determined that he had been in the United States for more than five years. His wife claims that she was married to him according to the Japanese custom while he was in this country. Neither she nor her alleged husband present family records. The husband has been working at various places and has accumulated about $500 which he has in a hotel in San Francisco.

"In view of the foregoing circumstances alien has not established her status as a visitor. Her husband has not actually established himself in this country in any particular place, but is an itinerant who has accumulated but a small amount of money during his

stay here. Furthermore, the husband entered illegally and is here now merely because the period within which deportation could be accomplished has expired. The limited financial standing of the husband coupled with the fact that he entered illegally create a serious doubt that this alien, if admitted, even under bond, would depart from the country voluntarily at the expiration of the time for which she was admitted.

"It is recommended, therefore, that the excluding decision be affirmed, and request for temporary admission be denied."

An examination of the record appears to show that this summary of the case is not quite accurate as to the financial standing of the husband. He is and has been regularly employed, although, since he is a farm laborer, he has no fixed place of employment. He seems also to have $220 in cash in a savings bank and certain accounts due for money loaned in addition to the $500 mentioned. Petitioner also has $125 in her possession. Both husband and wife are able-bodied. The wife states unequivocally that she is here as a visitor only, and that she will return to Japan at the expiration of six months. Her husband also asserts that she will return at that time.

[2] On this state of facts this case appears to be closely parallel to U. S. ex rel. Antonini v. Curran (C. C. A.) 15 F.(2d) 266, which concerned the bona fides of an alleged student, a minor, whose father was illegally in the country and who had practically no fund accumulated for the support of his son. In this case, as in that one, the immigration authorities seem to have indulged in speculations unwarranted by law as to the future conduct of the petitioner and her means of support. There is certainly no basis for the reasoning which imputes to the wife the intention to remain in this country illegally because her husband entered illegally seven years ago. The Antonini Case holds that such speculations and imputations are an abuse of discretion on the part of the immigration authorities, and reverses a District Court decision dismissing the writ.

The ground of exclusion of petitioner as likely to become a public charge ("LPC") is also untenable. In the first place there is no evidence in the record sufficient to establish the existence of this ground. Ex parte Mitchell (D. C.) 256 F. 229. And in the second place it is probable that this ground does not apply to persons seeking to enter as temporary visitors, but merely to immigrants seeking to enter permanently. U. S. v. Phelps (D. C.) 14 F.(2d) 679.

22 F.(2d)—55

For these reasons the demurrer to this petition will be overruled. Let the writ issue, petitioner to be discharged upon filing of a bond in the sum of $500, conditioned upon her departure from the United States at the expiration of six months.